UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLAND CARLY SAINTLOT,

    Petitioner,

v.                                             Case No: 2:15-cv-494-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## OPINION AND ORDER[1]

Pending before the Court is Petitioner Roland Carly Saintlot's *pro se* amended 28 U.S.C. § 2254 petition for habeas corpus relief constructively filed on August 12, 2015 (Doc. 5, Amended Petition).[2] Petitioner is incarcerated in the Florida Department of Corrections and challenges his 2010 conviction for attempted second degree murder with a weapon entered by the Twentieth Judicial Circuit Court in and for Charlotte County, Florida on four grounds alleging that trial counsel rendered constitutionally ineffective assistance of counsel and one ground of prosecutorial misconduct. *See generally* Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Although the petition was filed in the Court on August 17, 2015, absent evidence to the contrary, the Court is required to apply the "mailbox rule" and deem a prisoner's pleading filed on the date that he signs, executes, and certifies that he delivered it to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

5. Respondent filed a response to the petition (Doc. 14) and concedes that all but one of the grounds are exhausted for federal habeas purposes but contends that all grounds are without merit. Petitioner filed a reply (Doc. 23).

Respondent submits that the Amended Petition is timely filed. Doc. 16 at 2. The Court agrees. Nonetheless, upon due consideration of the pleadings and the state court record, the Court concludes that Petitioner is not entitled to habeas relief. Because the pertinent facts are fully developed in the record, an evidentiary hearing is not warranted. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing); *see also* Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, __U.S. __, 137 S.Ct. 2245 (2017).

I. Proper Named Respondent

At the outset, Respondent, the Secretary of the Florida Department of Corrections, seeks dismissal of the Florida Attorney General as a named-respondent from the instant action. When a petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004) (citations omitted). Here, petitioner was committed to the custody of the Florida Department of Corrections for a term of twenty-five (25) years. Ex. 6.[3] Consequently, the proper named respondent is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed as a named respondent from this action.

---

[3] Citations are to the paper exhibits filed by Respondent on July 14, 2016 (Doc. 18).

## II. Applicable Law

### A. Standard of Review Under AEDPA

Pursuant to the Antiterrorism Effective Death Penalty Act ("AEDPA"), federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Notably, a state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law."

3

*Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case." *White*, 134 S. Ct. at 1706 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux*, 585 U.S. ___, 138 S.Ct. 2555, 2558 (2018) (*quoting Harrison*, 562 U.S.

4

at 102, 131 S.Ct. at 786(quotation marks omitted) ).

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)).

B.    Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief claiming his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d

1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

As to the prejudice prong of the *Strickland* standard, Petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

    C.    Exhaustion and Procedural Default

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v.*

*Thompson*, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims). Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) (internal quotation marks omitted). To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v.*

*United States,* 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup,* 513 U.S. at 324).

### III. Analysis

A. Ground I: Defense counsel was ineffective for failure to file a motion to suppress the police interview tape as evidence at trial because its content was obtained in violation of the petitioner's *Miranda* rights.

Petitioner contends that he "unequivocally requested a lawyer be present" during his interrogation with police detectives on June 28, 2009. Doc. 5 at 8, ¶8. Petitioner attaches a portion of the transcript of his statement given on June 28, 2009, which was transcribed by Lisa Kane on December 21, 2011, in which Petitioner in responding to a question as to whether he had been at the Charleston Cay Apartments stated "The past week, no, I don't know what you're talking about. I want a lawyer." Doc. 5-1 at 3, lines 9-14. A recording of Petitioner's June 28, 2009 interrogation was played to the jury at trial and trial counsel did not object to the statement. Petitioner claims that the interrogation was used to impeach Petitioner's credibility. Petitioner raised this ground as first ground for relief in his Rule 3.850 motion. Ex. 12 at 3-11. The state post-conviction court denied Petitioner relief, Ex. 14 at 2-3, and the state appeallte court *per curiam* affirmed. Ex. 16. Thus, this ground is exhausted for federal habeas purposes. In denying Petitioner relief, the state court found as follows:

3. In Ground One Defendant asserts that trial counsel was ineffective for "failing to properly investigate the case, and file a motion to suppress a statement given to police in violation of *Miranda*." Specifically, Defendant argues there was an unequivocal request for an attorney during a custodial interrogation. During trial, the State played a recording of Defendant's custodial interrogation for the Court and jury. Defendant cites to the transcript of his statements played at trial which were created by transcriptionist Lisa Kane. According to the transcript, Defendant stated, "this past week, no, I don't know what you're talking about. I want a lawyer." The State submits that the Defendant did not ask for a lawyer, and that it was an error by the transcriptionist.

4. The recording was admitted into evidence and the State attached a copy for the Court to review (a copy of the recording is attached hereto). After review of the recording, the Court finds that the Defendant did not make a clear request for an attorney. There was a heated exchange between the Defendant and the officers in which it was clear Defendant stated, "this past week, no, I don't know what you're talking about," however, it was not clear what the Defendant stated after that sentence. After the contested sentence, the Defendant continued speaking with the Detectives, and at no point did he ask for an attorney. Furthermore, the prosecutor raised the issue of the statement Defendant made to police in the beginning of the trial, and trial counsel was given the opportunity to review a redacted copy and did not object. (TT. 11-13).

5. Due to the ambiguity of the recording, and the lack of responses of the trial court during the playback of the audio recording, this Court cannot find that Defendant requested an attorney. The Court will instead apply the reasoning of the Supreme Court. After a knowing and voluntary waiver of the *Miranda* rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney. *Davis v. United States,* 512 U.S. 452, 461 (1994) (emphasis added). Additionally the Florida Supreme Court has held (after applying the principle found in *Davis*) that police in Florida need not ask clarifying questions if a defendant who has received proper *Miranda* warnings makes only an equivocal or ambiguous request to terminate an interrogation after having validly waived his or her *Miranda* rights. *State v. Owen*, 696 So. 2d 715, 719 (Fla. 1997). There is no clear request for an attorney based on the audio record of the interrogation. Therefore, this claim is legally without merit as refuted by the record. *Anderson v. State*, 627 So.2d 1170 (Fla. 1993). Counsel cannot be deemed ineffective for failing to pursue a meritless issue. *Tefteller v. Dugger*, 734 So.2d 1009, 1020 (Fla. 1999). Accordingly, Ground One is denied.

Ex. 14, pp. 2-3.

Based upon a review of the record, including the recorded interrogation (Ex. 26), the Court finds the state courts' rejection of this claim was neither contrary to *Strickland* nor based upon an unreasonable determination of the facts. The record conclusively reveals that Petitioner was read and confirmed that he understood his *Miranda* rights prior to the interrogation. Ex. 7, Ex. 26. Following the reading of his *Miranda* rights, Petitioner signed a "*Miranda* Warning." Ex. 3. The state court, after listening to the actual recording of the interrogation, factually found that Petitioner did not unequivocally request a lawyer during his interview with police. Ex. 14, p. 2. This factual finding is entitled to deference and Petitioner has not presented clear and convincing evidence to the contrary.[4] Furthermore, even giving Petitioner the benefit of the ambiguity of the inaudible portion of the tape, no reasonable detective would understand Petitioner's garbled statement to be a request for an attorney. *Davis v. United States*, 512 U.S. 452, 459 (1994) ("[T]he suspect must unambiguously request counsel . . . [H]e must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."). Petitioner has failed to make a showing that he made an unequivocal request for counsel during his interview on June 28, 2009. Consequently, trial counsel cannot be deemed deficient for failing to file a motion to suppress the statement Petitioner gave to detectives after waiving and not

---

[4] Petitioner appears to the suggest that the State tampered with the tape and took out Petitioner's statement "I want a lawyer" in his Reply. Doc. 23 at 2. In addition to the fact that Petitioner never asserted this claim to the state courts, "arguments raised for the first time in a reply brief are not properly before the reviewing court." *Herring v. Sec'y, Fla. Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (quoting *United States v. Coy*, 19 F. 23d 629, 632 n. 7 (11th Cir. 1994)).

reasserting his *Miranda* rights. The Court denies Ground I as refuted by the record and without merit.

B. Ground II: Defense counsel was ineffective for failure to properly investigate, prepare, and present a viable true defense theory to the jury.

Petitioner asserts counsel was ineffective for presenting a defense consistent with the statements he made to detectives, and argues that counsel instead should have presented "his only plausible and viable defense," namely that Petitioner "lied to the police during his interview with them, and although he was in the passenger seat when the driver made a unilateral and spontaneous decision to shoot the victim in a drive-by shooting, [he] had nothing to do with the shooting, and was only present at the scene." Doc. 5 at 14, ¶13. This ground was raised as Ground Four in Petitioner's Rule 3.850 motion. The denial of which was appealed and is exhausted for federal habeas purposes. The state court denied this ground as follows:

> In Ground Four, Defendant asserts that trial counsel was ineffective for failing to investigate the case and prepare a viable and true defense to the charged offense. The record indicates that trial counsel mounted a defense that coincided with Defendant's own interrogation. Defendant denied being at the location, in the car, or having anything to do with the shooting. Since the interrogation was admitted into evidence, the credibility of the Defendant would have likely been decimated by any defense that conceded Defendant being present at the crime scene at any time. Upon review of the relevant record, this Court agrees with the State's response in that "trial counsel was prepared for the issues he would be facing, and attempted to address them by presenting the case in the best possible light for the defendant." The choice of the better defense is counsel's choice and a required trial strategy. *See Gavilan v. State*, 768 So.2d 308 (Fla. 5th DCA 2000); *Wilson v. Wainwright*, 474 So.2d 1162 (Fla. 1985); *Sireci v. State*, 469 So.2d 119, 120 (Fla. 1985). The Court finds that the Defendant has failed to demonstrate an entitlement to relief under the standards of *Strickland*. Accordingly, Ground Four is denied.

Ex. 14, pp. 4-5.

The State court correctly cited to the governing *Strickland* standard and the factual findings by the State court are supported by the record. Petitioner repeatedly denied being at the apartment complex during his interview with detectives and attempted to offer an alibi. Ex. 26. As pointed out by the State in its response to Petitioner's Rule 3.850 motion, trial counsel was presented with two options: (1) begin trial with an admission that his client is a liar or (2) present a case consistent with what Petitioner told the police during his interview. The evidence supported counsel's second choice as there was no physical evidence to place Petitioner at the scene and counsel argued that the eyewitness testimony was not reliable. "Counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (quoting *Darden v. Wainwright,* 477 U.S. 168, 106 S.Ct. 2464, 2474, 91 L.Ed.2d 144 (1986)). Counsel made a tactical decision. Petitioner has not shown that no competent counsel would have adopted the same trial strategy. See *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998) ("strategic choices are 'virtually unchallengeable'.") (citations omitted). The Court finds that the State court's rejection of this claim was neither contrary to nor an unreasonable application of *Strickland* and denies Petitioner relief on Ground II.

  C. Ground III:  Ineffective assistance of counsel and prosecutorial misconduct (improper closing argument). The prosecutor argued facts not in evidence during closing argument, without objection by counsel, thereby denying the petitioner a fair trial.

Petitioner asserts two separate claims stemming from statements made by the prosecutor during closing argument. First, Petitioner argues that the prosecutor committed prosecutorial misconduct by arguing facts not in evidence during his closing

argument. Doc. 5 at 16, ¶¶ 5-7. Petitioner claims that the prosecutor improperly told the jury that the eyewitness, Ms. Henry, positively identified Petitioner as the shooter when the eye witness never testified that Petitioner was the shooter. *Id.* Specifically, Petitioner objects to the following statements made by the prosecutor during closing:

- "She said he was the shooter" (Vol. IV, T. 48, L 21);

- "Bethanne Henry told you who the shooter was, the man who now has long hair, but on this date had short cropped hair" (Vol. IV, T. 49, L 22-24);

- Ms. Henry picked Saintlot out "as the shooter in the passenger side of the red Lincoln" (Vol. IV, T. 55, L 12-15);

- "Bethanne Henry identified him as the shooter and all the evidence supports that" (Vol. IV, T. 57, L 4-6); and

- "He was identified as the shooter" (Vol. IV, T. 60, L 20).

Doc. 5 at 17-17. As his second claim, Petitioner faults defense counsel for failing to object to this alleged misconduct by the prosecutor. *Id.* Petitioner raised the prosecutorial misconduct ground as issue two on direct appeal. Ex. 8 at 14-17. The appellate court's *per curiam* affirmance on direct appeal constitutes an adjudication on the merits. Ex. 11. Petitioner's ineffective assistance of counsel aspect of this claim was raised as ground three in Petitioner's rule 3.850 motion, the denial of which was appealed. Ex. 12, Ex. 15, Ex. 16. Thus, both aspects of this ground are exhausted for federal habeas purposes.

In ruling on Petitioner's ineffective assistance of counsel claim, the state court held:

> Defendant's claim . . . fails to rise to the level required under *Strickland*. When fashioning a closing argument, attorneys are permitted a degree of latitude to make logical inferences. *See Matthews v. State*, 834 So.2d 900, 901 (Fla. 4th DCA 2003); *Thomas v. State*, 748 So.2d 970, 984 (Fla. 1999). Upon review of the record, the Court agrees with the State in concluding that the prosecutor in the instant case was fashioning a logical conclusion

for the evidence presented. An objection by trial counsel would likely not had had basis and been denied. Trial counsel cannot be deemed ineffective for failing to make a meritless objection. See *Raleigh v. State*, 932 So.2d 1054, 1064 (Fla. 2006). Accordingly, Ground Three is denied.

Ex. 14, p. 4.

The Supreme Court in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986), developed "clearly established Federal law" for purposes of prosecutorial misconduct claims. *See Parker v. Matthews*, 567 U.S. 37, 45–49 (2012) (stating *Darden* was the "clearly established Federal law" for purposes of prosecutorial misconduct). In *Darden*, the Supreme Court held that improper comments by a prosecutor require a new trial only if they "so infected the [original] trial with unfairness as to make the resulting conviction a denial of due process." 477 U.S. at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974) ). It is not enough that a prosecutor's comments are "improper," "offensive," "undesirable[,] or even universally condemned." *Ibid.* Instead, the prosecutor's misconduct must render the defendant's conviction "fundamentally unfair." *Id.* at 183. "To find prosecutorial misconduct, a two-pronged test must be met: (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *Muhammad v. McNeil*, 351 F. App'x 371, 375 (11th Cir. 2009)(quoting *United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir. 1991)).

Upon review of the record, including review of the trial transcript and closing arguments, the Court finds that the prosecutors comments were not improper. Ms. Henry, the eyewitness identified the Petitioner as the person she saw at the apartment complex on the day of the shooting, (Ex. 2 at 95-96), she identified the red car involved in the shooting and saw the Petitioner get into the passenger side of the red car (Ex. 2 at 100-104), she heard what sounded like firecrackers when the car went around the corner (Ex.

2 at 105-107), when the car came back around she was close to the passenger side and saw Petitioner in the passenger side of the car (Ex. 2 at 106-107), she realized it wasn't firecrackers "it was actually bullets" (Ex. 2 at 108). Of significance is Ms. Henry's testimony that "[Petitioner] was in the passenger side. I can't exactly see if he shot the person, but he was in the passenger side and that's where the shooting was coming from." (Ex. 2 at 110). Comments are improper if they are pure speculation and not drawn from reasonable inferences from the evidence. *Land v. Allen*, 573 F.3d 1211, 1220 (11th Cir. 2009). Here, the prosecutor's comments made in response to defense counsel's closing argument to discredit the eyewitness were rebuttal argument based upon logical and reasonable inferences from the evidence.

Further, the remarks did not substantially affect Petitioner's rights at trial. "To satisfy the second prong, the prosecutor's improper remarks must have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Conner v. GDCP Warden*, 784 F.3d 752, 769 (11th Cir. 2015) (citing *Darden*, 477 U.S. at 181). In determining whether the remarks are of a sufficiently egregious nature to deny a defendant due process, the court is required to consider the remarks in the context of the entire proceedings and consider the following factors: (1) whether the remarks were isolated, ambiguous, or unintentional; (2) whether there was a contemporaneous objection from defense counsel; (3) the trial court's instructions; and (4) the weight of aggravating and mitigating factors. *Land v. Allen*, 573 F.3d at 1219–20 (citations omitted). The comments were made by the prosecutor in rebuttal to defense's argument, were made after reviewing the various testimony and evidence, and were fashioned from drawing reasonable inferences from the testimony. In fact, immediately before she

15

started her rebuttal, the prosecutor acknowledged "What I say is not testimony." Exh. 2 at 47. Furthermore, juries are presumed to follow jury instructions. *United States v. Calderon*, 127 F.3d 1314, 1334 (11th Cir. 1997). In this case, before closing arguments the judge, specifically admonished the jury to "Please remember that what the attorneys say is not evidence, or your instruction on the law." Ex. 2 at 17. Based upon the foregoing, the Court finds that these comments made by the prosecutor during rebuttal did not render Petitioner's conviction "fundamentally unfair" to justify a new trial. *Darden*, 477 U.S.at 183.

Because the prosecutor's comments were not improper and did not amount to prosecutorial misconduct, it is axiomatic that Petitioner's trial counsel cannot be deemed ineffective for failing to object to the comments. Nonetheless, even assuming, *arguendo*, that the comments were improper or amounted to prosecutorial misconduct, the record fails to show that trial counsel was ineffective for failing to object to the comments. Under Florida law, it is likely the trial court would have denied an objection had trial counsel objected to the prosecutor's closing argument. *See Thomas v. State*, 748 So.2d 970, 984 (Fla. 1999). Petitioner presented this ineffective assistance of counsel claim in his motion for postconviction relief, which the state court denied. That decision is entitled to double deference. Given that Petitioner has demonstrated neither deficient performance nor resulting prejudice from Counsel's failure to object during the prosecutor's closing argument, the state courts' rejection of this ground was neither contrary to *Strickland* nor based upon an unreasonable determination of the facts. Accordingly, Ground III is denied.

D. Ground IV: Defense counsel was constitutionally ineffective for misadvising the petitioner to reject a favorable plea offer and go to trial, whereby Saintlot received a sentence five times greater as a result.

Respondent argues that this ground is unexhausted and procedurally barred because Petitioner did not raise this ground below in the state courts and it cannot now be raised. Doc. 16 at 14. Petitioner acknowledges that this is a "new ground" that he did not raise either on direct appeal or in his post-conviction motions to the state courts. Doc. 5 at 20. Petitioner urges that any failure to exhaust this claim is excused by the United States Supreme Court's decision in *Martinez v. Ryan*.[5] Id. 20-21. Upon review of the record, the Court finds that Ground IV is unexhausted and procedurally barred because it is not "substantial" and does not fall within *Martinez*' equitable exception to the procedural bar since Petitioner does not demonstrate that counsel was deficient under *Strickland*.

Petitioner claims that that trial counsel was ineffective because he advised him to reject the favorable plea offers by the State on the basis that "no witnesses could positively identify [him] as the shooter, no DNA evidence was matched to the Petitioner, no gun was ever recovered, and the State's case was weak." Doc. 5 at 22. Based upon

---

[5] In *Martinez v. Ryan*, 566 U.S. 1 (2012) the United State Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17. Under *Martinez*, a petitioner still must establish that his underlying ineffective assistance claim is "substantial" -- that it has "some merit" before the procedural default can be excused. *Id.* at 14.

17

counsel's advice, Petitioner claims he rejected both of the State's plea offers and proceeded to trial. *Ibid.* Petitioner argues no reasonable counsel would have advised his client to reject the plea, especially because Petitioner had given false statements to police that conflicted with other key evidence and he was facing minimum of 25 years to life under Florida law. *Ibid.*

Here Petitioner faults counsel based solely on his recommendation to reject the plea offer. Petitioner acknowledges that counsel advised him of both plea offers before trial and the plea offer deadlines, and counsel provided various reasons as to why he thought it likely that a jury would not find him guilty of the offenses for which he was charged. Petitioner does not contend that trial counsel made the recommendation without an assessment of facts. Indeed, counsel's litany of shortfalls in the prosecution's case demonstrated counsel was knowledgeable about the case and had thoroughly investigated the case. The mere fact that counsel's projections are wrong does not suggest that counsel's pre-trial advice was deficient *per se*. "[T]here is no expectation that competent counsel will be a flawless strategist or tactician[.]" *Harrington v. Richter*, 562 U.S. 86, 110 (2011). Petitioner cannot demonstrate that no other reasonable counsel who perceived these weaknesses in the prosecution's case would not have recommended the defendant to reject the plea offers. Accordingly, Ground IV is dismissed as unexhausted.

## IV. Certificate of Appealability[6]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. Petitioner's Amended Petition (Doc. 5) is **DENIED**, and this case is dismissed with prejudice.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

---

[6] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record